IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN JENKINS, both as Administratrix of the Estate of CHELSEY L. SPEER, Deceased, and as an individual in her own right, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   Civil Action No. 20-1762 ) |
| GIRL'S HOPE OF PITTSBURGH, INC., a Non-Profit Corporation; PRIMARY HEALTH NETWORK, a Non-Profit Corporation; NASIM SHAJIHAN, M.D., an individual; SHANNON C. LEBAK, an individual; JENNIFER HEID, an individual; LISA TEDDE, an individual; and SR. ELAINE SCHINDLER, an individual, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Presently before the Court is the Motion for Substitution of Party filed by the United States of America (Docket No. 10) and brief in support, the response in opposition thereto filed by Plaintiff, and the United States' reply. Also pending before the Court is the United States' Motion to Dismiss (Docket No. 12), as well as the parties' briefs in support of, and in opposition to, that motion. For the reasons set forth herein, the United States' motions will be denied without prejudice to refiling at a later date, after the parties have had the opportunity to engage in a brief period of limited discovery.

**I.     Background**

On October 15, 2020, Plaintiff Dawn Jenkins filed a Complaint in the Court of Common Pleas of Beaver County alleging claims against Defendants Primary Health Network ("PHN"),

Nasim Shajihan, M.D. ("Dr. Shajihan"), and Shannon C. Lebak ("Ms. Lebak") (collectively, "the PHN Defendants"), and against Girl's Hope of Pittsburgh, Inc., Jennifer Heid, Lisa Tedde, and Sr. Elaine Schindler (collectively, "the Girl's Hope Defendants").[1]  (Docket No. 1-1).  Plaintiff's claims against the PHN Defendants are based upon the care that they allegedly provided to Plaintiff's deceased minor daughter, Chelsey L. Speer ("Chelsey"), in 2015 and 2016.  On November 16, 2020, the United States removed the action to Federal Court.  (Docket No. 1).  In its Motion for Substitution of Party, the United States requests that it be substituted as a named defendant in place of the PHN Defendants for purposes of Plaintiff's professional negligence (Count I), wrongful death (Count III), and survival (IV) claims.  Additionally, in its Motion to Dismiss, the United States asks the Court to dismiss those three counts altogether for lack of subject matter jurisdiction.

## II. Legal Analysis

The argument underlying both of the United States' motions is that the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA"), is the exclusive remedy available to Plaintiff.[2]  Section Two of the Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268 (1992) ("the Act"), provides that certain federally funded entities and their employees will be deemed to be employees of the Public Health Service, a federal agency, for purposes of medical malpractice claims.  See 42 U.S.C. § 233(a), (c), (g).  The Act further provides that the FTCA is the exclusive remedy available to a plaintiff who sues a Public Health Service employee due to "personal injury, including death, resulting from the performance of medical, surgical,

---

[1]   The Girl's Hope Defendants filed an Answer and Affirmative Defenses to Plaintiffs Complaint on December 21, 2021.  (Docket No. 20).

[2]   The FTCA provides that all tort claims filed thereunder are to be brought in the name of the United States. See 28 U.S.C. § 1346; Dilg v. United States Postal Serv., 635 F. Supp. 406, 407 (D.N.J. 1985).

dental, or related functions." 42 U.S.C. § 233(a), (g). However, the regulations promulgated by the Department of Health and Human Services ("HHS") provide that "[o]nly acts and omissions related to the grant-supported activity of entities are covered." 42 C.F.R. § 6.6(d).

The United States asserts that the Complaint alleges claims of professional negligence with regard to the health care provided by PHN, Dr. Shajihan, and Ms. Lebak, which are all governed by the Act. The United States also submitted a declaration from an Attorney in the General Law Division of the HHS's Office of the General Counsel, indicating that she has determined that PHN was deemed eligible for FTCA malpractice coverage, and that Dr. Shajihan and Ms. Lebak were employees of PHN at all times relevant to Plaintiff's Complaint. (Docket No. 11-1, ¶¶ 5, 6). Additionally, the United States notes that the United States Attorney for the Western District of Pennsylvania, as a duly authorized representative of the Attorney General, has certified that Dr. Shajihan and Ms. Lebak were both acting within the scope of their employment at PHN with respect to the incidents alleged in the Complaint. (Docket No. 1-2).

Plaintiff asks that the Court deny the United States' Motion for Substitution of Party at this juncture and allow the parties to engage in 90 days of discovery limited to certain issues raised in her brief, including the extent to which, if at all, the care provided to Chelsey constituted care "related to . . . grant-supported activity" under 42 C.F.R. § 6.6(d).[3] In support of her argument, Plaintiff has submitted a declaration indicating that she recollects having provided her insurance card from her employer's health insurance company to be used for Chelsey's health care needs, and that it was her understanding at the time that her private insurance paid for the health care

---

[3] Although Plaintiff asks the Court to order the parties to participate in ADR while they are engaged in limited discovery, the Court finds that such an order would be inappropriate under the present circumstances, where the Court is ordering a short period of discovery and where the jurisdiction of the Court is at issue. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (explaining that establishment of a district court's jurisdiction is a "threshold matter [that] springs from the nature and limits of the judicial power of the United States and is inflexible and without exception" (internal quotation marks and citations omitted)).

needs of Chelsey, including her psychiatric counseling. (Docket No. 24-4, ¶¶ 4-7). Therefore, according to Plaintiff, to the extent that the period of time during which the negligent acts and omissions committed by the PHN Defendants overlaps with the period of time Chelsey's care was being paid for by Plaintiff's own employer-provided health insurance, those acts and omissions did not necessarily arise out of care related to grant-supported activity, and therefore may not be claims against federal employees to which the FTCA applies. See, e.g., Metcalf v. W. Suburban Hosp., 912 F. Supp. 382, 388 (N.D. Ill. 1996) (noting that the fact that defendant did not dispute that plaintiff's care was provided pursuant to employer-supplied health insurance coverage, and defendant made no showing that plaintiff's care was related to grant-supported activity, was among the reasons that plaintiff's claim was not one against federal employees to which the FTCA applies).

In its briefing, the United States does not address how Chelsey's care at issue was billed or paid for, but instead argues that discovery regarding such information is not necessary to determine whether Plaintiff's claims are covered by the FTCA. In support of its argument, the United States cites to statutes and cases that either do not squarely address the issue, or do, in fact, discuss billing and payment for patients' care – facts which are simply unknown here. See, e.g., Agyin v. Razmzan, 986 F.3d 168 (2d Cir. 2021) (applying New York law in finding that a physician had been acting within the scope of his employment when delivering services pursuant to his contract with a covered entity even though he billed customers privately); Murrietta v. Banner Health Sys., No. CV-06-371, 2006 WL 1663236 (D. Ariz. June 9, 2006) (finding that, where the United States submitted evidence including certification from the Attorney General and deeming letters from HHS, as well as statements from doctors that they did not bill privately for any services at issue in the complaint and where plaintiff presented no evidence to the contrary,

Case 2:20-cv-01762-WSH   Document 28   Filed 09/24/21   Page 5 of 6

...

discovery regarding the doctors' scope of employment was unnecessary); 42 C.F.R. § 6.6(e) (providing examples of various types of FTCA-covered situations, none of which match the facts presented here).

Additionally, the Court notes that in certain contexts other courts have considered billing and payment information in analyzing whether coverage exists under the FTCA. See, e.g., Olivera-Pagan v. Manati Med. Ctr., Inc., 139 F. Supp. 3d 530, 535 (D.P.R. 2015) (finding that a doctor who had to deliver certain services off-site was serving a covered facility even though he billed patients privately, where he apparently did so in compliance with the FTCA); Lacey-Echols v. Murphy, Civ. No. 02-2281, 2003 WL 23571269 (D.N.J. Dec. 17, 2003) (where the court had allowed a 90-day discovery period limited to the issue of whether a doctor was acting within the scope of his employment, holding that because the doctor directly billed a patient and did not remit a portion to the covered health care center, he acted outside the scope of his employment and was not covered by the FTCA); Miller v. Toatley, 137 F. Supp. 3d 724 (W.D. La. 2000) (holding that where a doctor was directly billing, rather than billing through a covered facility as his contract required, his actions were not covered by the United States).

Therefore, because of the lack of clarity at this juncture as to the facts regarding the billing, payment, and insurance coverage for the care rendered to Chelsey by the PHN Defendants, and because such facts may ultimately have some bearing upon the Court's determination of whether the allegedly negligent acts by the PHN Defendants constitute claims that are subject to the FTCA – and thus whether the United States should be substituted as a named defendant for the PHN Defendants in this matter, and whether the Plaintiff's claims against the PHN Defendants should be dismissed for lack of subject matter jurisdiction – the Court finds that a short period of limited discovery regarding such facts is appropriate in this particular case.

z

### III. Conclusion

Accordingly, the United States' Motion for Substitution of Party is denied without prejudice to re-filing after the parties have engaged in a 60-day period of limited discovery, as set forth in detail in the Court's accompanying Order. Further, because the Court is denying the motion to substitute the United States as a named defendant in place of the PHN Defendants in this matter, the United States' Motion to Dismiss the claims against it is also denied without prejudice to re-filing after the parties have engaged in said period of limited discovery.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated: September 24, 2021

cc/ecf: All counsel of record