IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN JENKINS, both as Administratrix of the Estate of CHELSEY L. SPEER, Deceased, and as an individual in her own right,<br><br>       Plaintiff,<br><br>  v.<br><br>GIRL'S HOPE OF PITTSBURGH, INC., a Non-Profit Corporation; PRIMARY HEALTH NETWORK, a Non-Profit Corporation; NASIM SHAJIHAN, M.D., an individual; SHANNON C. LEBAK, an individual; JENNIFER HEID, an individual; LISA TEDDE, an individual; and SR. ELAINE SCHINDLER, an individual,<br><br>       Defendants. | Civil Action No. 20-1762 |

## **MEMORANDUM OPINION**

Presently before the Court are the Renewed Motion for Substitution of Party and brief in support thereof (Docket Nos. 32, 33) and the Renewed Motion to Dismiss (Docket No. 34) filed by the United States of America, Plaintiff's response in opposition to the motions (Docket No. 36), and the United States' reply (Docket No. 37). Additionally, the United States incorporates into its Renewed Motion for Substitution of Party the briefs and exhibits attached to its prior motion for substitution of party. (Docket Nos. 11, 26). Similarly, the United States incorporates into its Renewed Motion to Dismiss the briefs and exhibits attached to its prior motion to dismiss. (Docket Nos. 13, 27). Plaintiff, however, has not incorporated her previously filed briefs in opposition to the United States' prior motions into her response to the United States' renewed motions.

For the reasons set forth herein, the United States' motions are granted.

## I. Background

On October 15, 2020, Plaintiff Dawn Jenkins filed a Complaint in the Court of Common Pleas of Beaver County, Pennsylvania, which included one Count (Professional Negligence) against Defendants Primary Health Network ("PHN"), Nasim Shajihan, M.D. ("Dr. Shajihan"), and Shannon C. Lebak ("Ms. Lebak") (collectively, the "PHN Defendants"); one Count (Negligence) against Defendants Girl's Hope of Pittsburgh, Inc., Jennifer Heid, Lisa Tedde, and Sr. Elaine Schindler; and two Counts (Wrongful Death and Survival) against all Defendants. Docket No. 1-1). Plaintiff's claims against the PHN Defendants are based upon the care that they allegedly provided to Plaintiff's deceased minor daughter, Chelsey L. Speer ("Chelsey"). (*Id.*). Chelsey died tragically on September 19, 2016, at age 13, when she hung herself at a facility operated by Girl's Hope of Pittsburgh, Inc. (*Id.*). At that time, Chelsey was a resident scholar at the facility, and she had been receiving mental health treatment and counseling at PHN prior to her death. (*Id.*).

On November 16, 2020, the United States removed the action to Federal Court pursuant to 42 U.S.C. § 233. (Docket No. 1). The United States then filed two motions: 1) Motion for Substitution of Party (Docket No. 10); and 2) Motion to Dismiss (Docket No. 12). In its first motion, the United States requested that it be substituted as a named Defendant in place of the PHN Defendants for purposes of Plaintiff's professional negligence (Count I), wrongful death (Count III), and survival (Count IV) claims. (Docket No. 10). In its second motion, the United States argued that, after it is substituted as a named Defendant, the claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Docket No. 12).

In response to the United States' motions, Plaintiff requested that the Court permit the parties to conduct limited discovery regarding certain specific issues that she argued were crucial to the Court's rulings on such motions.  On September 24, 2021, the Court ordered the parties to engage in a 60-day period of limited discovery, and the Court denied the United States' motions without prejudice to refiling after the completion of such discovery.  (Docket Nos. 28, 29).  The Court subsequently granted a consent motion for an extension of time and ordered that limited discovery be completed by January 24, 2022.  (Docket Nos. 30, 31).  On February 14, 2022, the United States filed its Renewed Motion for Substitution of Party and its Renewed Motion to Dismiss.  (Docket Nos. 32, 34).  The renewed motions have been fully briefed by the parties and are ripe for decision.

## II.     Standard of Review:  Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'"  *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  There is an important difference between a Rule 12(b)(1) motion that attacks a complaint on its face, and a Rule 12(b)(1) motion that attacks the existence of subject matter jurisdiction in fact – apart from any pleadings.  *See Mortensen*, 594 F.2d at 891.  With a facial attack, a court must consider the allegations of a complaint as true, as with a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See id.*  With a factual attack, however, the Court ordinarily is not required to limit its inquiry to the facts as they are pled in the complaint because a presumption of truth is not attached to the plaintiff's allegations, and the plaintiff bears the burden of proving that jurisdiction over the subject matter at issue exists.  *See id.; see also*

*Brown v. Tucci*, 960 F. Supp. 2d 544, 561 (W.D. Pa. 2013) (citing *Dev. Fin. Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)).

In its Renewed Motion to Dismiss, the United States specifies that it is making a factual attack upon Plaintiff's Complaint.

### III.  Legal Analysis

#### A.  Motion for Substitution of Party

Before considering the United States' Renewed Motion to Dismiss, the Court must address the Renewed Motion for Substitution of Party. In that motion, which incorporates by reference the previously filed Motion for Substitution of Party, the United States asks that the Court substitute it as a named Defendant in place of PHN, Dr. Shajihan, and Ms. Lebak, and requests that the PHN Defendants be dismissed from the case. (Docket Nos. 32, 33).

As regards this case, Section 2 of the Federally Supported Health Centers Assistance Act of 1992 (the "Act"), Pub. L. No. 102-501, 106 Stat. 3268 (1992), provides that certain federally funded entities and their employees will be deemed to be employees of the Public Health Service, a federal agency, for purposes of medical malpractice claims. *See* 42 U.S.C. § 233(a), (c), (g). The Act further provides that the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671 *et seq.*, is the exclusive remedy available to a plaintiff who sues a Public Health Service employee due to "personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions." 42 U.S.C. § 233(a). Section 233(c) of the Act provides that, upon proper certification that a defendant in a medical malpractice suit was acting within the scope of his federal employment at the time of the incident underlying the suit, the proceeding shall be "deemed a tort action brought against the United States under the provisions of the [FTCA]." 42 U.S.C. § 233(c). The FTCA specifies that all tort claims filed thereunder are to be brought in the

name of the United States.  *See* 28 U.S.C. § 1346; *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).

The United States argues that, applying these statutes to this case, the Court should substitute the United States as a named Defendant in place of the PHN Defendants here.  In her original response to the United States' Motion for Substitution of Parties, as noted, *supra*, Plaintiff asked that the Court deny the motion and order the parties to engage in ADR while also conducting limited discovery to resolve certain issues that Plaintiff raised in her brief.  Upon consideration of Plaintiff's request, the Court ordered a short period of discovery limited to ascertaining whether the complained-of care was related to grant-supported activity under 42 C.F.R. § 6.6(d), such as, but not limited to, billing, payment, and insurance coverage information in connection with the care rendered to Chelsey by the PHN Defendants.  (Docket Nos. 28, 29).  The Court declined to order the parties to engage in ADR while such discovery was conducted, however, and the United States' motions were simply denied without prejudice to refiling after the parties engaged in the limited discovery.  (*Id.*).

Now that the period of limited discovery has ended, the United States has refiled both of its motions.  In its Renewed Motion for Substitution of Parties, the United States again requests that the United States be substituted for the PHN Defendants in accordance with the Act and the FTCA, as set forth in its original Motion for Substitution of Parties.  The United States indicates, additionally, that the information produced during the limited discovery period has resolved the concerns that Plaintiff previously raised in response to the United States' original Motion for Substitution of Parties.

The Court notes at the outset that, in response to the United States' Renewed Motion for Substitution of Parties, Plaintiff has abandoned the issues that she previously flagged as being of

5

concern in connection with such a motion, including a question as to whether her private health insurance paid for Chelsey's treatment which in turn raised questions regarding the billing practices utilized in connection with Chelsey's care. As noted, the United States points out, and Plaintiff does not dispute, that the limited discovery has apparently resolved any lack of clarity regarding the issues that Plaintiff previously raised and has revealed (among other things) that: all of Chelsey's care at PHN was billed to and fully paid for by Medicaid, and not by any of Plaintiff's private insurance; neither Plaintiff nor Chelsey was personally charged for Chelsey's care by PHN, Dr. Shajihan or Ms. Lebak, nor did Plaintiff or Chelsey owe or pay any out-of-pocket costs for Chelsey's care at PHN; and there is no evidence that Dr. Shajihan or Ms. Lebak contracted separately with a third-party entity to provide services to Chelsey, or that they somehow billed for their services separately. (Docket No. 33).

Nevertheless, having completed the limited discovery that she requested, Plaintiff now makes a new argument. Specifically, Plaintiff asserts that the amount of federal support that PHN received, combined with the fact that PHN received reimbursement from a third party (Medicaid) for Chelsey's care, indicates that the care rendered to Chelsey was – practically speaking – in no *real* way "related to . . . grant-supported activity" under 42 C.F.R. § 6.6(d). (Docket No. 36 at 4). Thus, Plaintiff contends that the FTCA should not apply here (and the United States should not be substituted for the PHN Defendants) because PHN is only *partially* funded by its annual federal grant, and because Chelsey's care was paid for by Medicaid which she describes as a third-party state-run program. (*Id.* at 7-8). In support of this argument, Plaintiff cites to the deposition testimony of Carl Sizer, Chief Financial Officer for PHN, which indicates that the federal grant awarded to PHN was dedicated to salaries and represented only a small portion of the overall budget of the organization. (*Id.* at 29-32). Noting Mr. Sizer's testimony – but failing to cite any

law in support of her argument – Plaintiff baldly asserts that Dr. Shajihan and Ms. Lebak should therefore not be considered federal employees for purposes of the FTCA. (*Id.* at 7). Plaintiff also argues that – while she has admittedly found no case law to support such an argument directly – the fact that Chelsey's care was paid for by Medicaid indicates that her care was in no *real* way related to grant-supported activity. (*Id.* at 7-8).

Plaintiff therefore proposes that "PHN has more in common with a private entity than with a federal agency," and that it should, quite simply, not be "entitled to claim FTCA protection." (Docket No. 36 at 7). Plaintiff concludes that "the third-party reimbursement received by PHN for Chelsey's care, combined with its minimal federal support, necessarily compels the conclusion that the nexus or relationship between PHN's federal funding and the care actually received by Chelsey is far too attenuated to support the position of the United States." (*Id.* at 8).

However, as the United States argues, PHN's corporate status and funding structure does not present a barrier with regard to substitution of parties, since Congress explicitly provided that "non-profit private" organizations may qualify as employees of the Public Health Service and receive coverage under the FTCA, and since courts regularly substitute the United States for private health care centers and their deemed employees under the statute. (Docket No. 37 at 2 (citing 42 U.S.C. §§ 233(g)(1) & (4) and various cases)). Furthermore, as the United States indicates, the statute itself contains no requirement that health care centers fund any particular percentage of their budget with federal money in order to receive FTCA coverage. Rather, the statute provides that a "'public or non-profit private entity receiving Federal funds under Section 254b' can be deemed a Public Health Service employee," without reference to a federal grant's size or its proportionate share within an entity's overall budget. (*Id.* at 3 (quoting 42 U.S.C. § 233(g)(4))). The United States also notes that PHN and its employees have been the subject of

such substitutions in the past. (*Id.* at 3 n.3 (citing various cases, including *Stewart-Wilson v. United States*, No. 2:17-cv-01335, 2019 WL 1894707, at *3-4 (W.D. Pa. Apr. 29, 2019); *Peronis v. United States*, No. 2:16-cv-01389, 2018 WL 4740170, at *2 n.1 (W.D. Pa. Oct. 2, 2018); *Fish v. United States*, No. 08-919, 2009 WL995468, at *1 n.2 (W.D. Pa. Apr. 13, 2009)). Furthermore, Plaintiff has provided no legal support for her contention that Chelsey's Medicaid coverage excludes her from the Secretary's determination that an entity is deemed to be an employee of the Public Health Services. As the Court previously remarked, *supra*, Plaintiff concedes that she can find no case on point to support such argument. The United States also indicates – and Plaintiff does not dispute – that no evidence has surfaced in discovery showing that Dr. Shajihan or Ms. Lebak billed for their services separately, received any sort of direct payment from Plaintiff, or otherwise acted outside of the scope of their respective employment when treating Chelsey. Thus, the Court concludes that the amount of federal funding that PHN receives and the way in which such funding is allocated (and the fact that Chelsey's care was fully paid to PHN by Medicaid) does not prevent coverage by the FTCA here. Thus, upon consideration of the parties' arguments, the Court does not agree with Plaintiff's contention that Chelsey's care at PHN was not related to grant-supported activity.

Therefore, the Court finds that the United States' Renewed Motion for Substitution of Parties should be granted, and the United States should be substituted for the PHN Defendants in this matter. In so finding, the Court notes that the Amended Complaint alleges claims of professional negligence with regard to the health care provided by PHN, Dr. Shajihan, and Ms. Lebak, which are claims governed by the FTCA. *See* 42 U.S.C. § 233(a). Additionally, PHN is a federally qualified health center and a "deemed entity" for purposes of coverage under the Act. *See* 42 U.S.C. § 233(a), (c), (g). Furthermore, HHS has deemed Dr. Shajihan and Ms. Lebak to

have been employees of PHN at all times relevant to Plaintiff's Complaint, and thus that they are employees of the federal government for purposes of coverage under the Act. (Docket No. 11-1, ¶¶ 5, 6). Also, the United States Attorney for the Western District of Pennsylvania, as a duly authorized representative of the Attorney General, has found that PHN was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C.§ 233, and has certified that Dr. Shajihan and Ms. Lebak were both acting within the scope of their employment at the time of the incidents alleged in the Complaint. (Docket No. 1-2).

Accordingly, the United States' Renewed Motion for Substitution of Parties is granted, and the United States is substituted for the PHN Defendants in this case.

### B. Motion to Dismiss Based on Lack of Subject Matter Jurisdiction

In its Renewed Motion to Dismiss, the United States argues that the claims asserted against the PHN Defendants in Counts I, III, and IV of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because, after the United States has been substituted as a named Defendant for the PHN Defendants in those Counts (as is necessary under the applicable statutes), the Court lacks subject matter jurisdiction over such claims. The United States incorporates by reference the facts, law, and argument contained in the briefs it previously filed in support of its original Motion to Dismiss, as well as the exhibits and declaration attached thereto. (Docket No. 34 at 1). Plaintiff, however, has not responded to the United States' Renewed Motion to Dismiss other than by referring to it generally in connection with opposing the United States' Renewed Motion for Substitution of Party. (Docket No. 36). In that regard, while maintaining that the United States should not be substituted for the PHN Defendants, Plaintiff asks that the Court not dismiss the case for lack of subject matter jurisdiction *and* that the Court also return the case to the Court of Common Pleas of Beaver County for disposition – yet she provides no specific

9

argument or law in support of such requests. (*Id.* at 8). In any event, since the Court has ruled that the United States shall be substituted for the PHN Defendants in this matter, the Court must next consider whether it has subject matter jurisdiction over the claims against the United States that are now before it.

As federal courts are courts of limited jurisdiction, a district court may only hear a case if it is authorized to do so by a congressional grant of subject matter jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Establishing that a district court has jurisdiction is a "threshold matter [that] 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1988) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Additionally, the "United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citations omitted). Thus, in order to sue the United States, a plaintiff's allegations must invoke a valid waiver of sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

As explained, *supra*, in order to bring a tort claim against the United States, its agencies, or its employees acting within the scope of their activities – as in this case – a plaintiff must file a claim under the FTCA.[1] Before a claim can be brought under the FTCA, however, a plaintiff must first exhaust any administrative remedies by "present[ing] the claim to the appropriate Federal agency," and waiting either for a final denial of the claim by the agency in writing, or for six months to pass without the agency taking action. *See* 28 U.S.C. § 2675(a). A district court cannot

---

[1] The Court notes that, in order to file a timely claim under the FTCA, a plaintiff generally must file an administrative claim within two years of the date that the claim accrued. *See* 28 U.S.C. § 2401(b); *Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009).

hear an FTCA claim if such administrative steps have not been completed, as the administrative exhaustion prerequisite under the FTCA is a strict requirement.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Wadhwa v. Nicholson*, 367 F. App'x 322, 325 (3d Cir. 2010).  Moreover, "the plaintiff bears the burden under the FTCA of showing that [she] has filed proper administrative claims with the appropriate administrative agency."  *Robinson v. United States*, Civil Action No. 3:13-CV-1106, 2014 WL 2940454, at *7 (M.D. Pa. June 30, 2014) (citing *Medina v. City of Philadelphia,* 219 F. App'x 169, 172 (3d Cir.2007) ("Plaintiff carries the burden of proof to establish presentment of her claim to HUD."); *Livera v. First Nat'l State Bank of New Jersey,* 879 F.2d 1186, 1195 (3d Cir. 1989)).

Because Plaintiff alleges injury arising from medical care provided by employees of the Public Health Service, in order to have exhausted her administrative remedies before bringing this lawsuit, Plaintiff should have first submitted an administrative claim to the Department of Health and Human Services ("HHS").  *See Bilyeu v. Phoenixville Hosp. Co., LLC*, Civil Action No. 17-1456, 2017 WL 2572515, at *2 (E.D. Pa. June 14, 2017) (citing *Huertero v. United States*, 601 F. App'x 169, 170 (3d Cir. 2015)).  However, Plaintiff does not allege in her Complaint that she submitted any such administrative claim, nor does she argue in her response to the Unites States' motion that she has done so, nor is there any indication elsewhere in the filings on the docket in this case that Plaintiff submitted an administrative claim or that she attempted to do so.

In fact, Plaintiff makes no specific argument whatsoever in opposition to the United States' motion to dismiss for lack of jurisdiction (other than her request that the Court not dismiss her case on such basis), although she also asks the Court to remand her case to state court.  As the Court has explained, however, Plaintiff's tort claims against the PHN Defendants must be filed in federal court under the FTCA, which requires prior exhaustion of administrative remedies, and Plaintiff

11

has failed to show exhaustion here. Absent such a showing of exhaustion of administrative remedies by Plaintiff, the Court cannot find that it has subject matter jurisdiction over her claims. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("[T]he burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction."). Furthermore, as Plaintiff's tort claims against the PHN Defendants cannot be brought under the FTCA in state court, remand of such claims is not appropriate, and Plaintiff's claims must be dismissed.[2] *See, e.g., Robinson*, 2014 WL 2940454, at *6 (explaining that "where an FTCA lawsuit is filed before the exhaustion process is completed, we are compelled to dismiss that action" (citing *Miller v. United States,* 517 F. App'x 62, 63 (3d Cir. 2013); *Roma v. United States,* 344 F.3d 352, 362 (3d Cir. 2003)); *see also McNeil v. United States,* 508 U.S. at 111–12 (holding that where a court lacks jurisdiction to rule on a prematurely filed action, even if an agency denies the related administrative claim soon after the federal lawsuit is filed, such claim is properly dismissed)).

Accordingly, the United States' Renewed Motion to Dismiss for lack of subject matter jurisdiction is granted, and the claims against the PHN Defendants (or against the United States, which is being substituted as a named Defendant for the PHN Defendants) are dismissed without prejudice.

---

[2] Although Defendant argues, additionally, that no exceptions to the rule requiring timely administrative exhaustion apply in this case, the Court finds it unnecessary to reach such issues at present since this action is being dismissed on exhaustion grounds. *See Robinson*, 2014 WL 2940454, at *8 (in which the court dismissed the original complaint as unexhausted, but explained that such dismissal was without prejudice to plaintiff's re-filing of a complaint as a new action, if and when plaintiff completed the administrative agency exhaustion required by the FTC; and noting that, in a variety of factual contexts, courts have expressly sanctioned dismissal of FTCA actions as unexhausted without prejudice in order to enable plaintiffs to perfect the exhaustion of their administrative remedies (citing *Wadhwa v. Nicholson,* 367 F. App'x 322, 325 (3d Cir. 2010); *McLaurin v. United States,* 392 F.3d 774, 782 (5th Cir. 2004); *Konarski v. Brown,* No. 03-5340, 2004 WL 1249346, at *1 (D.C. Cir. June 7, 2004); *Bailey v. United States,* 992 F.2d 1222 (10th Cir.1993))).

### IV. **Conclusion**

For the reasons stated, the United States' Renewed Motion for Substitution of Party is granted. Accordingly, the United States of America is substituted as a named Defendant in place of the PHN Defendants for purposes of the Professional Negligence (Count I), Wrongful Death (Count III), and Survival (Count IV) claims alleged in Plaintiff's Complaint. The PHN Defendants, Primary Health Network, Nasim Shajihan, M.D., and Shannon C. Lebak, are dismissed with prejudice from the case.

Additionally, the United States' Renewed Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is granted.

Accordingly, Count I, which alleges professional negligence against the PHN Defendants (now against the United States as a named Defendant) is dismissed without prejudice to re-filing if Plaintiff is first able to properly exhaust her claims at the administrative level.

Count II alleges a state law negligence claim against Defendants Girl's Hope of Pittsburgh, Inc., Jennifer Heid, Lisa Tedde, and Sr. Elaine Schindler. As Plaintiff has asked that the case be remanded to state court and has not asked the Court to exercise supplemental jurisdiction over that claim, the Court will remand Count II to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Counts III and IV assert wrongful death and survival actions (presumably under Pennsylvania law) citing Plaintiff's allegations and claims of negligence, and those Counts do not present independent claims. *See Lansberry v. Altoona Area School Dist.*, 356 F. Supp. 3d 486, 504 (W.D. Pa. 2018). To the extent that Counts III and IV include claims against the PHN Defendants (now against the United States), such claims are dismissed without prejudice to refiling

for lack of subject matter jurisdiction, along with Count I.  To the extent that Counts III and IV include claims against Defendants Girl's Hope of Pittsburgh, Inc., Jennifer Heid, Lisa Tedde, and Sr. Elaine Schindler, the Court will remand those Counts of the Complaint to state court, along with Count II.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated:  July 8, 2022

cc/ecf:  All counsel of record